UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

JUNEY REID AND RUDOLPH REID,

    Plaintiffs,

v.

FEDERATED NATIONAL INSURANCE COMPANY,

    Defendant.

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, FEDERATED NATIONAL INSURANCE COMPANY ("Federated National"), a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States."[3] Federated National files this Notice of Removal and hereby removes this matter from state court to the docket of this Honorable Court. Federated National respectfully shows as follows:

I.

On or about November 8, 2012, Plaintiffs, Juney Reid and Rudolph Reid, filed a Complaint in the 17th Judicial Circuit Court in and for Broward County, State of Florida, entitled

---

[1] *See* 42 U.S.C. §4001 *et seq.*
[2] 44 C.F.R. §62.23(f).
[3] 42 U.S.C. §4071(a)(1); *Sanz v. U.S. Security Ins. Co.*, 328 F3d. 1314, 1316 (11th Cir. 2003). *See also, Gowland v. Aetna*, 143 F.3d 951, 953 (5th Cir. 1998).

1

"*Juney Reid and Rudolph Reid v. Federated National Insurance Company*," bearing case number 12-031507. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, Federated National hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331, and 28 U.S.C. §1367.

### A.  REVIEW OF PLAINTIFF'S COMPLAINT

1. At paragraphs 4 -8, Plaintiffs allege that their dwelling, located at 7342 NW 48 Street, Lauderhill, FL 33319, was damaged by water on or about August 28, 2012 and that after consideration of premium paid to it, Federated National issued a flood-dwelling insurance policy bearing policy number 870473361120111 which was in full force and effect when their property was damaged. (See Exhibit A to Plaintiff's Complaint)

2. At paragraph 10, Plaintiffs alleged that Federated National has denied Plaintiffs' claims or has otherwise failed, refused and/or neglected to pay all coverage and amounts to which Plaintiffs are entitled.

3. At paragraph 12, 18, 19, Plaintiffs alleged that Federated National has failed to properly pay the damages under the contract with Plaintiffs which the Plaintiffs have incurred as a result of the flood at issue and as such, Federated National breached its contract of insurance with the Plaintiff.

4.      At paragraph 19 of the Complaint, Plaintiffs alleged that as a result of Federated's denial of coverage and refusal to pay the full amount of the claim, Plaintiffs have suffered damages.

5.      At paragraph 20 of the Complaint, Plaintiffs alleged that as a result of Federated National's alleged breach of contract, it has become necessary for Plaintiffs to incur and become obligated for attorney's fees and costs in the prosecution of this action and seeks attorney fees and costs pursuant to Florida Statutes §627.428.

**B.      THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

6.      Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly, Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

7.      Federated National, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

8.      Federated National cannot waive, alter or amend any of the provisions of the SFIP. *See* 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2010 edition).

9.      Further, Federated National has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §62.23.

10.     Federated National's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIP that it is authorized to issue on behalf of the federal government. It is clear that Federated National, in its WYO capacity, is conducting all of these actions in its "fiduciary" capacity as the "fiscal agent" of the United States. *See* 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1), respectively.

11.     All flood claim payments made by a WYO Program carrier, such as Federated National, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III. In *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001), the Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid." Moreover, the Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, citing to *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).

12.     Any judgment that might be rendered in this case against Federated National arising out of how it adjusted Plaintiffs' SFIP claim would be paid by the federal government, and not by American Bankers. In *Shuford v. Fidelity National Prop. and Cas. Ins. Co.*, 508 F.3d 1337, 1343 (11th Cir. 2007), the Eleventh Circuit noted that "a suit for benefits under the National Flood Insurance Program raises the same concerns, under the Appropriations Clause, as a suit against a governmental entity because benefits under the National Flood Insurance Program are paid from the federal treasury." *See also*, *Newton, supra* and FEMA's explanations

4

to the Fifth Circuit in its *amicus curiae* brief in *Gallup v. Omaha Prop. and Cas. Ins. Co.*, 434 F.3d 341 (5th Cir. 2005).

13.    The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

### C. FEDERAL JURISDICTION

**(1) 42 U.S.C. §4072 – Original Exclusive Jurisdiction**

14.    42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims handling matters under the SFIP. In *Shuford*, 508 F.3d at 1344, the Eleventh Circuit held that "we have clarified the policy language pertaining to jurisdiction, venue and applicable law to emphasize that matters pertaining to the Standard Flood Insurance Policy, including issues relating to and arising out of claims handling, must be heard in Federal court and are governed exclusively by Federal law."

15.    Pursuant to 42 U.S.C. §4072, the United States District Court for the district encompassing the insured property as of the date of the loss has "original exclusive" jurisdiction to hear such a case. *See Shuford, supra*; *Hairston v. Travelers Casualty & Surety Co.*, 232 F.3d 1348 (11th Cir., 2000); and *Seibels Bruce Ins. Co. v. Deville Condominium Association, Inc.*, 786 So.2d 676 (Fla. App. 1 Dist., 2001).

FOWLER WHITE BURNETT P.A. • ESPIRITO SANTO PLAZA, 1395 BRICKELL AVENUE, 14TH FLOOR, MIAMI, FLORIDA 33131 • (305) 789-9200

16. Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Federated National is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

17. In this case, Plaintiffs alleged that Federated National has refused to pay for all the damages to their property, thereby breaching its contract of flood insurance. *See* Complaint, Count 1, Breach of Contract. Thus, Plaintiffs have made a claim arising out of how Federated National handled their flood loss claim under the SFIP, thereby making removal proper pursuant to 42 U.S.C. §4072.

(2) **28 U.S.C. §1331 - Federal Question Jurisdiction**

18. Federated National asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

19. In order to determine what, if any, U.S. Treasury benefits the Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the

federal laws, regulations and statutes governing the SFIP.  Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999).  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question.  Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a) and (c).

20. Clearly, the payment that the Plaintiffs seek from Federated National under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government.  *See Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

21. Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a) and (c), Federated National asserts that there are multiple federal questions presented within the Plaintiffs' Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

    **D.**    **THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

22. To the extent that any of the claims of the Plaintiffs are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

23. All of the claims put at issue in the Plaintiffs' Complaint arise from the property damage that they allegedly sustained as a result of flooding that occurred on August 28, 2012, and from their efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom. Traditionally, federal courts have exercised supplemental jurisdiction over all such claims in cases of this type. *See, e.g., Winkler v. State Farm Fire*, 266 F.Supp.2d 509, 513-14 (S.D.Miss. 2003); and *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D.Tx. 2000). Handling all claims arising in this dispute in one forum will serve the interest of judicial economy and fairness. *Winkler,* 266 F.Supp.2d at 514.

E. **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

24. Federal National's first knowledge or notice of the suit was on November 16, 2012, when it was mailed via electronic delivery from the office of the Chief Financial Officer of the State of Florida, a copy of which is attached hereto as part of Exhibit A. The 30-day period in which to remove does not commence running until the defendant is actually served. Federated National was served with the lawsuit on November 16, 2012. This Notice of Removal is filed on December 6, 2012. Thus, this Notice of Removal is "filed within the thirty days after receipt by the defendant," as required by 28 U.S.C. §1446(b), and it is therefore timely.

25. Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court. Venue is also proper pursuant to 42 U.S.C. §4072 and 44 C.F.R. Pt. 61, App. A(1), Article VII(R).

26. Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes, pleadings, and orders served on Federated National to date.

## CONCLUSION

WHEREFORE, Defendant, Federated National Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Respectfully submitted,

_____
J. Michael Pennekamp
Fla. Bar No. 983454
Email: jpennekamp@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Espirito Santo Plaza, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:  (305) 789-9200
Facsimile:   (305) 789-9201
*Counsel for Federated National Insurance Company*

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 6th day of December, 2012 to Ely R. Levy, Esq., MILITZOK & LEVY, The Yankee Clipper Law Center, 3230 Stirling Road, Suite 1, Hollywood, FL 33021.

_____
J. Michael Pennekamp